# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 21-CR-4087-LTS-KEM |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| ARJUNE AHMED, | |
| Defendant. | |

_____

Defendant Arjune Ahmed is charged with two counts of kidnapping in violation of 18 U.S.C. § 1201(a)(1). The alleged facts supporting both counts involve sexual assault. Ahmed moves for separate trials on the counts, arguing that he would be prejudiced by a joint trial because evidence of one count would not be admissible in a separate trial for the other. Doc. 32. The Government resists. Doc. 35. Defendant filed a reply. Doc. 36. I **deny** the motion to sever.

## I.  BACKGROUND

Ahmed is charged with two counts of kidnapping, based on incidents occurring a little more than a year apart. Doc. 20. The complaint in this case details the allegations against Ahmed (set forth in the next two paragraphs). Doc. 2.

Ahmed allegedly picked up the first victim from a casino in downtown Sioux City around midnight. As she was walking by his car, Ahmed said, "Come here," and she got in the car. Ahmed started driving. As he was driving, he began talking dirty and exposed his penis. The victim asked to be let out of the car or taken home immediately; Ahmed refused. He drove to a gravel road and reclined the passenger seat, forced the

victim onto her stomach, pinned her head down, and sexually assaulted her. He then opened the car door and told the victim to get out. He drove away, leaving the victim on the gravel road.

Ahmed allegedly met the second victim on an online dating app. They messaged back and forth beginning around 4:30 a.m. and agreed to meet for breakfast. Ahmed picked the victim up around 7:30 a.m. from an intersection in downtown Sioux City (using a different car than he had used with the first victim). They drove around talking. Once she learned how young Ahmed was, the victim asked to be taken home, but Ahmed refused. He drove to a park, stopping at a dead end. With one hand on his crotch and another on the victim's arm, he asked the victim to roll over. The victim refused. Ahmed then pushed the victim out of the car and down a path. He grabbed her by the hair and sexually assaulted her from behind while standing up. When finished, he told the victim to sit down and be quiet, and he walked back to his car and drove away, leaving the victim behind.

Based on this offense conduct, the indictment charges Ahmed with two counts of kidnapping. Specifically, the indictment alleges that Ahmed "did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, and hold for ransom, reward, and otherwise (*i.e.*, sexual gratification)" the two victims. Doc. 20. The jury instructions in this case will require proof that Ahmed "held" the victims "for sexual gratification," but not that he sexually assaulted the victims.[1] The court must decide whether these charges should be severed for trial.

## II. DISCUSSION

Ahmed does not dispute that the offenses were "of the same or similar character"

---

[1] *See* **8th Circuit Model Jury Instructions (Criminal) 6.18.1201** (2021).

2

such that they could be charged together under Federal Rule of Criminal Procedure 8(a). Instead, he argues for severance under Federal Rule of Criminal Procedure 14(a), which "provides relief from joinder[] even when joinder was appropriate under Rule 8(a)."[2] That rule provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice require.[3]

The Eighth Circuit has held "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other."[4]

Ahmed argues that under Federal Rule of Evidence 404(b)(1), evidence of one kidnapping and sexual assault would be inadmissible in the trial of the other, as that rule prohibits evidence of prior wrongs to show that a person acted in the same way on a particular occasion. Ahmed argues that no exception under 404(b)(2) exists—such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In his opening brief, Ahmed ignores Federal Rule of Evidence 413:

> In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

"Rule 413 supersedes Rule 404's prohibition against [propensity] evidence."[5] Thus, "[i]n criminal cases in which the defendant is accused of sexual assault, evidence of a prior

---

[2] *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010).

[3] **Fed. R. Crim. P. 14(a)**.

[4] *McCarther*, 596 F.3d at 442.

[5] *United States v. Crawford*, 413 F.3d 873, 875 (8th Cir. 2005); *see also* **United States v. Weber**, 987 F.3d 789, 793 (8th Cir. 2021); **United States v. Holy Bull**, 613 F.3d 871, 873 (8th Cir. 2010).

sexual assault is generally admissible under Rule[] . . . 413 'unless its probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including the danger of unfair prejudice.'"[6] To be admissible under Rule 413, the other sexual assault must be "relevant," which the Eighth Circuit has explained occurs "if it shares similarities to the charged conduct."[7]

Here, although there are differences between the offenses,[8] Ahmed concedes the offenses are similar enough that joinder is appropriate—and indeed, both offenses involve middle-aged women[9] who defendant drove around in his car, refused to take home despite their requests, and took to a deserted place, where he sexually assaulted them before driving off in his car, leaving them behind. The Eighth Circuit has held that two offenses were similar when (as here) they were both "impulsive crimes of opportunity where . . . [the defendant] had managed to isolate his intended victims."[10] Thus, each offense is relevant to the other for purposes of Rule 413.

Ahmed argues (in reply) that Rule 413 does not apply because he is charged with kidnapping, not sexual assault. By its terms, Rule 413 applies "[i]n a criminal case in

---

[6] *Weber*, 987 F.3d at 793 (quoting *United States v. Keys*, 918 F.3d 982, 986 (8th Cir. 2019)).

[7] *Id.* (citing *Keys*, 918 F.3d at 986).

[8] Ahmed allegedly met one victim online through a dating app and arranged to pick her up for breakfast, took her to a park in a car registered to his mother, forced the victim out of the car, and sexually assaulted her anally using a condom while they were both standing up; he picked the other victim up from outside a casino, driving a car registered in his name, before ultimately taking her to a low-trafficked gravel road, forcing her down on the passenger seat, and sexually assaulting her vaginally (from behind) without a condom.

[9] *See* Doc. 35 at 9.

[10] *United States v. Tyndall*, 263 F.3d 848, 849-51 (8th Cir. 2001) (affirming denial of motion to sever charges where offense conduct for one charge involved defendant asking a 13 year-old girl to ride with him to his aunt's house, then pulling his car over on the way there, threatening her with a knife, and asking her to "make love to him" (she escaped); and offense conduct for other charge involved a 67-year-old woman coming to visit defendant's brother when only the defendant was home, and after making small talk, the defendant grabbed her arm and asked if he could perform oral sex (she escaped)).

4

which a defendant is accused of a sexual assault."[11] Rule 413 defines "sexual assault" as follows:

> "[S]exual assault" means a crime under federal law or under state law . . . involving:
> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
> (2) contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).[12]

Chapter 109A includes the crimes of aggravated sexual abuse, sexual abuse, sexual abuse of a minor or ward, and abusive sexual contact, which all require that when the victim is an adult, the sexual contact take place in the special maritime or territorial jurisdiction of the United States, such as Indian country, or in a prison.[13]

Here, there is no dispute that for both counts, Ahmed's alleged offense conduct of kidnapping and raping each victim satisfies the definition of "sexual assault" in Rule 413(d).[14] But Ahmed suggests that to be "accused of a sexual assault" for purposes of Rule 413, he must be formally charged with a sexual assault, and the Government must prove at trial that he committed a sexual assault. Ahmed's argument can be likened to advocating for a "categorical" approach to determining the applicability of Rule 413.

---

[11] In his briefing, Ahmed employs the pre-2011 language of the rule, stating that Rule 413 applies when a defendant "is accused of an *offense of* sexual assault." *See* Paul F. Rothstein, Federal Rules of Evidence Rule 413, **FEDRLSEV R 413** (3d ed.) (side-by-side comparison of old and new rule) (emphasis added). The advisory committee intended the 2011 change in language to be stylistic only with no change in meaning. *Id.*

[12] **Fed. R. Evid. 413(d)**.

[13] *See* **18 U.S.C. §§ 2241-2244**.

[14] *See* **Fed. R. Evid. 413(d)(2)-(3)**; **Iowa Code § 709.4**.

5

Ahmed argues that the court should focus on the elements of the charged crime (in this case, kidnapping) rather than looking at the underlying offense conduct to determine whether Rule 413 applies.

Ahmed relies on *United States v. Courtright*.[15] In that case, the Seventh Circuit rejected the district court's broad rule that Rule 413 applies any time "a defendant has been verbally accused of sexual assault during the course of an investigation into a separate offense."[16] The court compared Rule 413 to Rule 412, which also uses the word "accused."[17] Rule 412 generally prohibits evidence of a victim's sexual behavior but creates an exception for this evidence "with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor."[18] The 1994 advisory committee notes to Rule 412 provide:

> The reference to a person "accused" is . . . used in a non-technical sense. There is no requirement that there be a criminal charge pending against the person or even that the misconduct would constitute a criminal offense. Evidence offered to prove allegedly false prior claims by the victim is not barred by Rule 412.

The Seventh Circuit in *Courtright* reasoned that because there are no similar advisory committee notes to Rule 413, Rule 413 must "use[] the term 'accused' in the more narrow, technical sense generally invoked throughout the federal rules."[19] The court cited Federal Practice and Procedure, which employed this same reasoning and concluded

---

[15] 632 F.3d 363 (7th Cir. 2011).

[16] *Id.* at 368.

[17] *Id.*

[18] **Fed. R. Evid. 412(b)(1)(B)**. The pre-2011 language of Rule 412 also used "accused" in another exception, noting that evidence of the victim's sexual behavior could be used "to prove that a person other than the accused was the source of semen, injury or other physical evidence." *See* Paul F. Rothstein, Federal Rules of Evidence Rule 412, **FEDRLSEV R 412** (3d ed.) (side-by-side comparison of old and new rule). "Accused" was changed to "defendant" as part of the 2011 restyling of the rule. *Id.*

[19] 632 F.3d at 368-69.

"evidence of other sexual crimes is only admissible against a criminal defendant and only if the crime charged is sexual assault."[20] Thus, the court held the district court erred in applying Rule 413 when the defendant was charged with the production of child pornography, even though the offense conduct involved asking a minor victim to pose for explicit photos and then sticking his fingers in her vagina for a "medical examination" while taking the pictures.[21]

I do not find the Seventh Circuit's decision in *Courtright* persuasive for several reasons. First, *no* advisory committee notes accompany the enactment of Rule 413. Rule 412 and Rule 413 were adopted at different times,[22] and I do not find the lack of advisory committee notes explaining how "accused" should be interpreted in Rule 413 necessarily means Congress intended a different meaning than in Rule 412.

Second, three other decisions (including one from the Seventh Circuit) have applied Rule 413 to cases in which the defendant was charged with producing child pornography, examining the offense conduct.[23] That is, when the child pornography the defendant allegedly produced captured the defendant sexually assaulting a minor victim, three courts have held it was a "case in which a defendant is accused of a sexual assault" such that Rule 413 applied—even though the elements of the charged offense required only that the victim engage in sexually explicit conduct, not necessarily with the defendant and not necessarily without the victim's consent (so the definition of "sexual assault" in

---

[20] *Id.* (citing 23 Charles Alan Wright & Michael W. Graham, Federal Practice & Procedure § 5413, at 549-50 (Supp. 2010)).

[21] *Id.* at 367.

[22] Rule 412 was revised in April 1994 (the advisory committee note relied upon by *Courtright* was issued in connection with this revision). Rule 413 was enacted in September 1994.

[23] *See United States v. Foley*, 740 F.3d 1079, 1086-87 (7th Cir. 2014); *United States v. Schaffer*, No. CR 13-183 (JLL), 2017 WL 729787, at *7 (D.N.J. Feb. 24, 2017); *United States v. Neuhard*, No. 15-cr-20425, 2016 WL 6871454, at *5 (E.D. Mich. Nov. 22, 2016).

7

Rule 413(d) was not met under a categorial approach).[24] The Seventh Circuit in *Foley* expressly rejected the defendant's argument that a "categorical approach" applies to determining the applicability of Rule 413.[25] The court reasoned:

> The focus of the Federal Rules of Evidence is on facts, and the policy rationale for Rule 413 is that a person who has engaged in the covered conduct is likely to engage in it again. Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the conduct itself rather than how the charges have been drafted.[26]

Other courts have similarly focused on offense conduct when determining Rule 413's applicability, rather than the elements of the charged crime. In *United States v. Vafeades*, the defendant was charged with two counts of kidnapping and two counts of transporting individuals to engage in prostitution or other criminal sexual activity.[27] The offense conduct was similar to the facts here—the defendant convinced two separate victims to travel with him on his semi truck (marrying one), then prevented them from leaving and sexually assaulted them daily until they escaped.[28] The court held Rule 413 applied, stating that "it is not the formally drafted charge but the underlying *conduct* that determinates whether a defendant has been charged with sexual assault as defined by Rule

---

[24] *Id.*; *see also, e.g.*, **8th Circuit Model Jury Instructions (Criminal) 6.18.2251(A)**.

[25] 740 F.3d at 1087.

[26] *Id.*; *see also Schaffer*, 2017 WL 729787, at *7 (holding that because the government "will introduce evidence which . . . will show that in the course of producing child pornography, [the d]efendant sexually assaulted" the victims, "the charged conduct can be said to incorporate an element of 'sexual assault,'" and therefore Rule 413 applies); *Neuhard*, 2016 WL 6871454, at *5 (holding that "this case qualifies as a criminal case in which a defendant is accused of sexual assault" when child pornography images defendant allegedly produced depicted an adult's hand and penis contacting the genitals of a prepubescent minor female, who would be legally incapable of providing valid consent given her age"; distinguishing cases in which the defendant was charged with possession or receipt of child pornography and "the charged acts did not involve physical contact").

[27] No. 2:14-cr-00153-DN, 2015 WL 9273936, at *1 (D. Utah Dec. 18, 2015).

[28] *Id.* at *3.

413."[29] Multiple courts have held that Rule 413 applies when the defendant is charged with transporting a victim for purposes of prostitution or other criminal sexual activity, when the defendant engaged in nonconsensual sex with the victim as part of the offense conduct.[30] A court has also applied Rule 413 in a case charging the defendant governmental officer with intentionally violating the victims' rights to be free from unreasonable searches and seizures, because the "allegations in the indictment and the facts adduced during the trial" established the defendant had sexually assaulted victims while administering urinalysis tests.[31]

In addition, as Defendant recognizes, the Eighth Circuit (whose decisions are binding on this court) has suggested a broader application of Rule 413 than the Seventh Circuit in *Courtright*. In *United States v. Blazek*, the defendant arranged over the internet to meet with a fifteen-year-old for sex; the fifteen-year-old was actually an undercover officer.[32] Upon arrival, the defendant was arrested and charged with (1) attempted enticement of a minor to engage in prostitution or other sexual activity and (2) traveling

---

[29] *Id.* at *10.

[30] *See United States v. Batton*, 602 F.3d 1191, 1194, 1196-97 (10th Cir. 2010); *United States v. Ralston*, No. 15-03103-01-CR-S-MDH, 2017 WL 6373987, at *1-2 (W.D. Mo. Dec. 13, 2017); *United States v. Adleta*, No. 6:13-cr-94-Orl-22GJK, 2013 WL 4734824, at *2-3 (M.D. Fla. Sept. 3, 2013); *cf. United States v. Frank*, No. 04-20778-CR-JORDAN, 2006 WL 8434880, at *5 (S.D. Fla. Nov. 16, 2006) (suggesting that Rule 413 did not apply to transportation charge when the government did not assert the defendant's "sexual relations with [the minor victim] were 'without consent' within the meaning of Rule 413"); *but see United States v. Wardlow*, No. 13-00083-01-CR-W-DW, 2014 WL 12693076, at *2 (W.D. Mo. Dec. 9, 2014) (holding that Rule 413 did not apply to transportation charge because "the elements that the [g]overnment will be required to prove . . . do not involve any of the conduct listed in" the definition of sexual assault in Rule 413; unclear if offense conduct involved nonconsensual sex with victim such that it satisfied the definition).

[31] *Pilati v. United States*, No. 3:07-cr-00082-VEH-JEO, 2016 WL 4083245, at *1-3, *14 (N.D. Ala. Mar. 23, 2016) (rejecting § 2255 petition), *report and recommendation adopted,* 2016 WL 4070148 (July 29, 2016).

[32] 431 F.3d 1104, 1106-07 (8th Cir. 2005).

9

in interstate commerce with the intent to engage in illicit sexual conduct.[33] The Eighth Circuit rejected the defendant's argument that "he was not charged with an 'offense of sexual assault'" for purposes of Rule 413.[34] The court noted that the definition of "sexual assault" under Rule 413 includes conduct prohibited by chapter 109A, which in turn criminalizes sex acts with minors between the ages of 12 and 15 when a jurisdictional hook is met—that the offense occurred within the special maritime and territorial jurisdiction of the United States.[35] "Illicit sexual conduct" (in the traveling statute) is defined with reference to chapter 109A (without requiring the jurisdictional hook).[36] Thus, the Eighth Circuit held that because the defendant was charged with traveling in interstate commerce to have sex with a person between the ages of 12 and 15 years old, the defendant was charged with conduct proscribed by chapter 109A (even though the offense conduct did not satisfy chapter 109A's jurisdictional hook).[37] The Eighth Circuit held that "Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve *conduct* proscribed by chapter 109A."[38]

Although the court purported to look at conduct, Ahmed suggests that *Blazek* is distinguishable because the indictment charged the defendant with (essentially) attempted sexual assault,[39] and the government would have to prove attempted sexual assault as an

---

[33] *Id.* After the execution of a search warrant at his home, he was also charged with receipt and possession of child pornography. *Id.*

[34] *Id.* at 1108.

[35] *Id.* at 1109; *see also* **18 U.S.C. § 2243(a)**.

[36] ***Blazek***, 431 F.3d at 1109; **18 U.S.C. § 2423(b), (f)**.

[37] 431 F.3d at 1109.

[38] *Id.* (emphasis added).

[39] This argument assumes traveling with the intent to sexually assault constitutes a "substantial step" toward sexual assault.

10

element at trial. Here, the indictment charges Ahmed with kidnapping for the purpose of sexual gratification, *not* sexual assault.

*United States v. Rodriguez*, a kidnapping case, could be distinguished on this basis as well. In *Rodriguez*, the district court (then-District Judge Ralph Erickson) held that Rule 413 applied when the defendant was charged with the same kidnapping statute as Ahmed here.[40] Like Ahmed, the defendant's offense conduct involved sexually assaulting his kidnapping victim.[41] But unlike Ahmed, the indictment charged the defendant with kidnapping "for the purpose of sexually assaulting" the victim.[42] Because chapter 109A criminalizes having sex with a person through threats or "placing [the victim] in fear that any person will be subjected to death, serious bodily injury, or kidnapping"[43] (and *Blazek* establishes that the jurisdictional hook requirement of chapter 109A can be ignored),[44] the court reasoned that the indictment established the offense involved conduct proscribed by chapter 109A, since the act of kidnapping involves threat or force.[45] On appeal, the

---

[40] *United States v. Rodriguez*, No. 2:04-cr-55, 2006 WL 8438022, at *1-2 (D.N.D. June 26, 2006).

[41] *Id.* at *1.

[42] *Id.*

[43] **18 U.S.C. § 2241**.

[44] *See also* **Batton**, 602 F.3d at 1197 (holding that defendant's offense conduct satisfied chapter 109A, even though it did not meet jurisdictional hook). Some courts have disagreed with this holding of *Blazek*, but this court may not reject Eighth Circuit precedent. *See* **United States v. Park**, No. 05-cr-00190-WYD, 2007 WL 9677018, at *3 (D. Colo. Oct. 17, 2007) (this ruling has arguably been abrogated by *Batton*); ***Frank***, 2006 WL 8434880, at *5; *see also* **United States v. Wardlow**, No. 13-00083-01-CR-W-DW, 2014 WL 12693076, at *2 (W.D. Mo. Dec. 9, 2014) (holding that because defendant was charged under "chapter 117, not chapter 109A," Rule 413(d)(1) did not apply; ignoring *Blazek*)

[45] ***Rodriguez***, 2006 WL 8438022, at *1.

Eighth Circuit affirmed the admission of prior sexual assaults under Rule 413, primarily analyzing relevance (rather than applicability).[46]

I decline to distinguish *Blazek* and *Rodriguez* based on how the crime was charged in the indictment. If that mattered, the Government could easily obtain a superseding indictment alleging Ahmed committed the kidnappings for the purpose of sexually assaulting his victims (as opposed to for sexual gratification).[47] The important thing, in my view, is that the sexual assaults are intertwined with the charged crime—the offense conduct for the charged kidnappings necessarily involves evidence that Ahmed sexually assaulted the kidnapping victims.[48] The weight of the caselaw, discussed above, supports this interpretation of Rule 413.[49]

Ahmed argues that even if Rule 413 applies, the danger of unfair prejudice substantially outweighs the probative value under Federal Rule of Evidence 403. But in support, he relies only on the argument that the jury would "make the impermissible inference that [he] has the propensity to commit the crime of kidnapping."[50] The jury is

---

[46] *United States v. Rodriguez*, 581 F.3d 775, 795-96 (8th Cir. 2009).

[47] Thus, I decline to address whether the offense charged in the indictment meets the definition of sexual assault in Rule 413(d)(4): "deriving sexual . . . gratification from inflicting death, bodily injury, or physical pain on another person."

[48] The kidnapping case relied upon by Defendant can be distinguished for this reason. In *United States v. Green*, No. 806CR191, 2006 WL 3761989, at *1 (D. Neb. Dec. 20, 2006), the indictment charged the defendant with kidnapping for ransom, reward, or otherwise. The government argued Rule 413 applied because "one of several objectives of the kidnapping was sexual assault." *Id.* The court held (in a very short order) that the nexus between the offense of kidnapping and sexual assault was "too tenuous" because there were "other objectives or motives." It is unclear whether the defendant in *Green* actually sexually assaulted his victim. Here, that the defendant is alleged to have kidnapped, sexually assaulted, then released both victims shows the strong link between the defendant's sexual motives and the charged crime.

[49] Defendant also cites to treatises that suggest the categorical approach should apply, but the court is not convinced. *See* Wright & Miller, **Federal Practice & Procedure §§ 5383-84** (2d ed.; Westlaw 2022); **Mueller & Kirkpatrick**, 2 Federal Evidence § 4:84 (4th ed.).

[50] Doc. 32-1 at 5; Doc. 36 at 4-5.

allowed to consider propensity evidence under Rule 413, and thus, while such evidence may be prejudicial, it is not *unfairly* so.[51] Balancing the probative nature of the sexual assault evidence against the danger of unfair prejudice, I find that evidence related to both sexual assaults would be admissible in a trial on a single count.

Because Rule 413 applies, evidence of each kidnapping and sexual assault would be admissible to prove the other. Ahmed is therefore not prejudiced by joinder of the counts. He is not entitled to severance under Federal Rule of Criminal Procedure 14(a).

### III. CONCLUSION

Defendant's motion to sever counts (Doc. 32) is **denied**.

**SO ORDERED** on March 14, 2022.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[51] *Weber*, 987 F.3d at 793-94; *United States v. Oldrock*, 867 F.3d 934, 939 (8th Cir. 2017).